## Scherr v. Bernstein

*Jerome Gamburg*, for plaintiff.

*Frank & Margolis*, for defendant.

TAKIFF, J., February 26, 1974.—This matter arises out of the anomaly which may develop where cross actions arising out of the same factual circumstances are not consolidated for trial.

A motor vehicle accident occurred on May 28, 1969, Burton Bernstein brought suit against Phyllis Scherr as of C. P., May term, 1970, no. 497. While that action was pending, in an action captioned Phyllis Scherr

and Frederick Scherr and Hyman Schwartz v. Burton Bernstein, C. P., December term, 1970, no. 2663, the same automobile accident was the subject of litigation with the parties essentially inverted and each represented by different counsel. The Bernstein v. Scherr action got to the courthouse steps first and an award of arbitrators was entered in favor of plaintiff on August 5, 1971, from which an appeal was timely filed and thereafter withdrawn on November 3, 1971. No subsequent docket entry appears explaining the final disposition of that matter; neither an order for judgment on the award nor an order to mark settled, discontinued and ended.

Meanwhile, Scherr v. Bernstein proceeded with the filing of complaint on December 22, 1970, service of defendant's interrogatories on plaintiff on January 15, 1971, and then silence until October 2, 1972, when defendant filed answer to the complaint raising the defense of res judicata in the Bernstein v. Scherr litigation as a bar to the present action and, in the alternative, under new matter, joining Phyllis Scherr as an additional defendant and by way of counterclaim asserting a property damage claim for damage suffered by defendant's motor vehicle. In reply to new matter, the ignorance of both plaintiff and her counsel of the circumstances under which the appeal in the action of Bernstein v. Scherr was withdrawn, is asserted. Defendant now moves for judgment on the pleadings.

This case is most similar to and governed by the case of Diamond v. Miller, 51 D. & C. 2d 495 (1971). The short answer here, as in the Diamond case, is that we find no final judgment as to which either res judicata and/or collateral estoppel may attach so that either doctrine might become operative. Accordingly, it is ordered and decreed that defendant's motion for judgment on the pleadings is denied.